■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART ENGLAND, Appellant. [595 NYS2d 793] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered December 5, 1990, convicting him of resisting arrest and obstructing governmental administration, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial showed that when his brother was denied service at a pizza shop, the defendant, who was intoxicated, became embroiled in an argument with employees of the shop. When police officers arrived at the scene, the defendant attacked and injured them and continued to struggle as the officers handcuffed him and placed him in a patrol car.

Contrary to the defendant's contention on appeal, we find no error in the court's denial of his request to charge justifica-

tion with respect to the charges of resisting arrest and obstructing governmental administration. The evidence failed to show that the officers used excessive force in effecting the arrest so as to justify the force used by the defendant against them (see, Penal Law § 35.27; *People v Stevenson,* 31 NY2d 108; *People v Rison,* 130 AD2d 596; *People v Sanza,* 37 AD2d 632). In any event, the court, in effect, delivered the requested charge when it instructed the jury that a person has the right to resist the use of force exceeding that permitted under the law to a police officer making an arrest.

The defendant also contends that he was a victim of selective prosecution in that the pizza shop personnel were not charged with any crime. However, the evidence showed that the pizza workers immediately complied with the police officers' order to stop fighting and that the sole basis for the defendant's prosecution was his attack upon the officers. Thus, he failed to make the requisite showing that he was prosecuted while others in similar circumstances were not and that he was targeted for prosecution for an impermissible reason (see, *Wayte v United States,* 470 US 598; *Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686).

Finally, we find that the prosecutor's summation did not deprive the defendant of a fair trial. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.