■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ANGUS, Appellant. [597 NYS2d 87] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered September 16, 1991, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At no time during the trial did the defendant raise a claim that the People failed to adduce legally sufficient evidence that the arresting police officer sustained physical injury in the course of his arrest of the defendant *(see,* Penal Law § 120.05 [3]). Therefore, the defendant's present contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, the evidence, when viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) established that the defendant attempted to prevent his arrest by physically attacking the arresting officer and in the course thereof, caused the officer to suffer substantial pain *(see, People v Campbell,* 72 NY2d 602; *People v Williams,* 112 AD2d 176). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Furthermore, contrary to the defendant's contentions, the court did not commit reversible error by denying his applica-

tion for a justification charge *(see, People v England,* 191 AD2d 706). Even crediting the defendant's testimony that he never heard the plainclothed police officers identify themselves, by the defendant's own account the officers had handcuffs and walkie-talkies visible and the officers testified that their badges were displayed. Accordingly, no reasonable view of the evidence supported the defendant's claim that he was justified to use physical force to repel the attacks of alleged unidentified assailants nor was he authorized to use physical force to resist his arrest *(see,* Penal Law § 35.27).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.