■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON KRSTACIC, Appellant. [621 NYS2d 888] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered June 21, 1993, convicting him of driving while intoxicated, as a felony, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt on the charge of resisting arrest beyond a reasonable doubt. In addition, the trial court correctly denied the defendant's request to have justification charged as a defense to resisting arrest. Viewing the evidence in the light most favorable to the defendant (see, People v Padgett, 60 NY2d 142, 144-145; People v Torre, 42 NY2d 1036, 1037), no reasonable view of the evidence supported the conclusion that the defendant was the victim of either excessive force or an unprovoked police attack (see, e.g., People v Angus, 192 AD2d 665, 666; People v Alston, 104 AD2d 653, 654; cf., People v Carneglia, 63 AD2d 734, 735).

The defendant's claim that he was deprived of a speedy trial pursuant to CPL 30.30 is without merit. The record supports the court's finding that the People were chargeable with only 141 days of the permissible six-month period (see, CPL 30.30 [1] [a]).

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.