■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHATIK WILLIAMS, Appellant. [645 NYS2d 855] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 6, 1994, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In making a *Batson* challenge, the defense must "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection was raised and discussed" *(People v Childress,* 81 NY2d 263,

268; *People v Stokes,* 216 AD2d 337, 338). The defense failed to challenge the People's exercise of peremptory challenges, and thus, failed to meet its initial burden of establishing a prima facie case of unlawful discrimination based upon race *(see, Batson v Kentucky,* 476 US 79).

The trial court properly refused to issue a justification charge in connection with the defendant's use of force against the police officers while resisting arrest. The plainclothes officer identified himself as a police officer when he began struggling with the defendant for control of a pistol, and the defendant's own witnesses indicated that they realized that he was a police officer because he carried a police radio, produced handcuffs, and told them to call his partner. Accordingly, no reasonable view of the evidence supported the defendant's claim that he was justified in using physical force to repel the attacks of alleged unidentified assailants, and the defendant was not authorized to use physical force to resist his arrest *(see,* Penal Law § 35.27; *People v Angus,* 192 AD2d 665).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.