■ The People of the State of New York, Respondent, v Luis Medrano, Appellant. [28 NYS3d 344]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered November 6, 2013, convicting him of assault in the second degree, resisting arrest, and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions that he was deprived of his due process right to a fair trial by the trial court's failure to give a justification charge and by the prosecutor's summation comments are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Ramrattan*, 126 AD3d 1013, 1014 [2015]; *People v Barnes*, 33 AD3d 811, 812 [2006]; *People v Krstacic*, 211 AD2d 646, 646 [1995]). Also without merit is the defendant's contention that he did not receive the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Callender*, 123 AD3d 840, 841 [2014]; *People v Guevara-Carrero*, 92 AD3d 693, 694 [2012]). Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.