■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RENE LASANTA and ALEX ORTIZ, Respondents. [609 NYS2d 606] — Orders, Supreme Court, Bronx County (Ivan Warner, J.), entered on or about July 6, 1992, dismissing an indictment charging each defendant with multiple counts of assault in the second and third degrees, obstructing governmental administration in the second degree and resisting arrest, unanimously reversed, on the law, the indictment is reinstated in toto, and the matter remanded for appropriate further proceedings in accordance with law.

Criminal Term stated no reason for its disposition, either upon dismissal of the indictment or upon denial of the People's motion for reargument, although dismissal of the indictment was without prejudice to re-presentation of the case before another grand jury. Defendant Ortiz' concession in this Court as to the validity of the misdemeanor counts of obstructing governmental administration leads to the conclusion that there were no procedural infirmities in the grand jury presentation.

On the People's appeal, the only responding defendant (Ortiz) argues that the evidence before the grand jury was substantively insufficient to establish "physical injury", a necessary element of assault in both the second (Penal Law § 120.05 [3]) and third (§ 120.00 [1]) degrees. Defendants had

been stopped by two uniformed police officers for running a red light on Fordham Road in the Bronx. According to the officers' testimony, driver Lasanta appeared to be under the influence of alcohol, and passenger Ortiz became abusive of the police when Lasanta was asked to produce vehicle and driver identification. After attempting to grab Officer Cardentay through the open window, Ortiz jumped out and scuffled with the policeman. When Ortiz made a move for Officer Cardentay's holstered gun, Officer Ronda ran to his partner's assistance, at which point he was jumped from behind by Lasanta. In fending off the defendants and subduing Ortiz (Lasanta escaped and later turned himself in), the officers each suffered injury—Cardentay a partial shoulder separation, and Ronda a broken bone in his hand. Both were treated at Jacobi Hospital, and certified records of their injuries were submitted to the grand jury.

Each of these injuries clearly supports the "physical injury" element of assault in the second and third degrees (Penal Law § 10.00 [9]) sufficiently to sustain those counts of the indictment. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.