■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR BUMBURY, Appellant. [691 NYS2d 923] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 25, 1996, convicting him of rape in the second degree (three counts), assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reversing the conviction for assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contentions that the indictment charging him with three counts of rape in the second degree lacked

specificity and was rendered duplicitous by the trial testimony are not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Iannone,* 45 NY2d 589; *People v Cosby,* 222 AD2d 690), and we decline to address these issues in the exercise of our interest of justice jurisdiction.

Upon the exercise of our factual review power (*see,* CPL 470.15 [5]), we conclude that the verdict of guilt on the count of the indictment charging assault in the third degree was against the weight of the evidence. The evidence demonstrates that the complainant did not sustain a "physical injury" (Penal Law § 10.00 [9]; 120.00; *Matter of Philip A.,* 49 NY2d 198, 200; *People v Cheeks,* 161 AD2d 657). Accordingly, the count of the indictment charging the defendant with assault in the third degree must be dismissed. O'Brien, J. P., Sullivan, Joy and Smith, JJ., concur.