■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent , v HARRY D. WHITE, Appellant. [725 NYS2d 499] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed and matter remitted to Oneida County Court for sentencing in accordance with the following Memorandum: We reject the contention of defendant that County Court erred in denying his motion to dismiss the indictment for lack of specificity with respect to the dates of the alleged crimes. The time frames set forth in the ninth count, charging assault in the first degree "during late June, 1993," and the 19th count, charging assault in the first degree "during August 1993," "serve[d] the function of protecting defendant's constitutional right 'to be informed of the nature and cause of the accusation'" (*People v Morris,* 61 NY2d 290, 294). The 16th and 17th counts charge crimes occurring

on specific dates, and the remainder of the charges have been dismissed.

Defendant failed to preserve for our review his contentions that the evidence is legally insufficient to support the conviction of assault in the first degree under the ninth count (*see, People v Gray,* 86 NY2d 10, 19) and that the prosecutor's opening statement was deficient and improper (*see, People v Mims,* 278 AD2d 822). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the 19th count is duplicitous (*see, People v Bumbury,* 263 AD2d 512, 512-513, *lv denied* 94 NY2d 820). The People concede, however, that the 19th count is duplicitous. Therefore, we modify the judgment as a matter of discretion in the interest of justice by reversing the conviction of assault in the first degree under the 19th count, vacating the sentence imposed thereon and dismissing that count.

We agree with defendant that the evidence is legally insufficient to support the conviction of assault in the second degree (Penal Law § 120.05 [1]) under the 16th count of the indictment because the proof that complainant sustained a broken finger is insufficient to establish that she sustained a serious physical injury within the meaning of that section (*see,* Penal Law § 10.00 [10]; *People v Phillip,* 279 AD2d 802). We conclude, however, that the evidence is legally sufficient to support a conviction of the lesser included offense of assault in the third degree (Penal Law § 120.00 [1]; *see, People v Lasanta,* 203 AD2d 64, 65; *People v Moise,* 199 AD2d 423, 424-425). We therefore further modify the judgment by reducing the conviction of assault in the second degree under the 16th count to assault in the third degree (Penal Law § 120.00 [1]) and vacating the sentence imposed thereon, and we remit the matter to Oneida County Court for sentencing on assault in the third degree (*see,* CPL 470.20 [4]).

We reject defendant's contention that the imposition of consecutive terms of imprisonment rendered the sentence unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Merrell, J.—Assault, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.