■ The People of the State of New York, Respondent, v Najib Rahman, Appellant. [923 NYS2d 186]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silber, J.), rendered May 27, 2009, convicting him of attempted robbery in the second degree and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of attempted robbery in the second degree required proof of physical injury (*see* Penal Law §§ 110.00, 160.10 [2]; *see also People v Miller*, 87 NY2d 211 [1995]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although "substantial pain" must be "more than slight or trivial pain" it need not be "severe or intense to be substantial" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). "Impairment of physical condition," moreover, does not require "a victim's incapacitation" (*People v Tejeda*, 78 NY2d 936, 938 [1991]).

Contrary to the defendant's contention, the evidence was legally sufficient to establish that the complainant suffered physical injury during the course of the attempted robbery (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Greene*, 70 NY2d 860, 862-863 [1987]; *People v Valencia*, 50 AD3d 1163, 1164 [2008]; *cf. People v Cheeks*, 161 AD2d 657 [1990]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of attempted robbery in the second degree was not against the

weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Andrews*, 236 AD2d 735, 735-736 [1997]; *cf. People v Bumbury*, 263 AD2d 512, 513 [1999]).

The testimony established that the defendant grabbed the complainant around the throat with both of his hands and strangled her, holding her back by force. The complainant testified that she was unable to breathe for about a minute, and a struggle ensued during which the complainant made numerous attempts to get the defendant's hands off her neck. She lost both shoes during the course of the struggle, ripped her jeans, and suffered a "large bruise" on her hip. The bruise on her hip took about a month to heal. About eight hours after the attack, the complainant first started experiencing "intensive pain" in her neck which lasted for about a week and one-half. During this time she was unable to sleep, drive, play with her son, or work as a sculptor. The complainant sought treatment from her homeopath and made the first of numerous visits to her acupuncturist a week later for the purpose of managing the pain. Thus, the evidence established that the complainant suffered "physical injury" as a result of her confrontation with the defendant (Penal Law § 10.00 [9]). Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.