■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH WHITE, Appellant. [941 NYS2d 860]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered October 20, 2009, as amended October 21, 2009, convicting him of aggravated criminal contempt, grand larceny in the fourth degree, criminal contempt in the first degree (four counts), assault in the third degree, aggravated harassment in the second degree, and unlawful imprisonment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the "physical injury" element of the crimes of aggravated criminal contempt and assault in the third degree was not established by legally sufficient evidence, and that, for the same reason, the verdict on those counts was against the weight of the evidence. The defendant's contention that the evidence was legally insufficient to establish that the victim sustained physical injury as required to support a conviction of aggravated criminal contempt under Penal Law § 215.52 (1) is unpreserved for appellate review, as it was not raised with specificity in his motion for a trial order of dismissal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]; People v Alston, 42 AD3d 468, 469 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish, beyond a reasonable doubt, that the complainant sustained a physical injury within the meaning of Penal Law § 10.00 (9), as required to support his convictions of aggravated criminal contempt and assault in the third degree (see People v Bogan, 70 NY2d 860, 862-863 [1987]; People v Rahman, 84 AD3d 1119 [2011]; People v Delph, 269 AD2d 218 [2000]; People v Miller, 146 AD2d 809 [1989]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of aggravated criminal contempt and assault in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Rahman, 84 AD3d at 1120). Skelos, J.P., Belen, Lott and Miller, JJ., concur.