■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO MATHERINE, Also Known as FRANCISCO MATHURINE, Appellant.—Judgment of the Supreme Court, New York County (Frank Blangiardo, J.), rendered February 19, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent, indeterminate terms of imprisonment of from 5 to 10 years, unanimously affirmed.

Defendant and an accomplice, Christopher Hurk, sold three vials of crack cocaine for $30 to an undercover officer who then radioed to his backup team a detailed description of the defendant and Hurk. When defendant was arrested minutes later, the arresting officer noticed defendant was speaking as if he had something in his mouth. The "candy" defendant claimed to be eating proved to be three vials of crack cocaine.

Defendant argues that the court should have granted his motion to suppress the three vials of cocaine he was hiding in his mouth, equating the direction to spit the objects out to a taking of a blood sample without a defendant's consent *(People v Moselle,* 57 NY2d 97). We find that defendant's expectoration of three vials of crack upon verbal command of the arresting officer was not a violation of his Fourth or Fifth Amendment rights. We observe, moreover, that even the reasonable use of force to prevent loss of evidence is permitted where drugs have been placed in the mouth by an arrestee

*(United States v Harrison,* 432 F2d 1328 [DC Cir 1970]; *United States v Caldera,* 421 F2d 152 [9th Cir 1970]).

Nor was there error in the court's refusal after a *Wade* hearing to suppress identification testimony by the undercover officer who drove by defendant and Hurk minutes after their arrest, and observed them again in the station house to confirm that the right persons had been taken into custody. "The viewing by this trained undercover narcotics officer occurred at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure. Additionally * * * it lent assurance that an innocent person was not being detained by reason of a mistaken arrest" *(People v Wharton,* 74 NY2d 921, 922-923; *see, People v Hendricks,* 159 AD2d 396, *lv denied* 76 NY2d 736; *People v Stanton,* 108 AD2d 688).

We have considered the remaining contentions raised by defendant, and find them to be without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.