■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY G. WIMBERLY, Also Known as JOHN L. JONES, Appellant. [659 NYS2d 559] —Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 3, 1995, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the first degree, criminal possession of stolen property in the third degree, criminal mischief in the second degree, criminal impersonation in the second degree and criminal mischief in the fourth degree.

Defendant contends that his conviction of a crime in Florida was improperly invoked as the ground upon which he was sentenced as a second felony offender. We disagree. In order for an out-of-State conviction to qualify an individual as a second felony offender, the offense must carry a sentence of over one year in prison and must be comprised of elements which would constitute a felony in this State, punishable by a sentence of over one year (*see, People v Sailor*, 65 NY2d 224, 237; *People v Gonzalez*, 61 NY2d 586, 589). Defendant's conviction in Florida of the crime of solicitation to deliver cocaine (Fla Stat § 893.13 [1] [a]), satisfies these criteria. It is a felony punishable by up to 15 years in prison and its elements are analogous to those of Penal Law § 220.06 (1), criminal possession of a controlled substance in the third degree, a class D felony, punishable by a minimum prison sentence of 1 to 3 years. We conclude that under the circumstances presented

here, defendant was properly sentenced as a second felony offender. His remaining contentions have been examined and found to be without merit.

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.