■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM HUNT, Appellant. [663 NYS2d 316] —Crew III, J. Appeal

from a judgment of the County Court of Broome County (Mathews, J.), rendered June 17, 1996, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and criminal possession of a controlled substance in the third degree, and which revoked defendant's probation and imposed a sentence of imprisonment.

On October 16, 1995, defendant was sentenced to six months in jail and five years' probation as the result of his pleas of guilty to the crimes of attempted criminal possession of a controlled substance in the third degree and robbery in the third degree. Subsequently, on May 3, 1996, defendant pleaded guilty to a superior court information charging him with robbery in the second degree and criminal sale of a controlled substance in the third degree for crimes committed while he was on probation. At the same time, defendant pleaded guilty to violating the terms of his probation. On June 17, 1996, defendant was sentenced as a second felony offender to concurrent prison terms of five years on the charge of robbery and 5 to 10 years on the charge of criminal sale of a controlled substance. On the same date, defendant's probation was revoked and he was resentenced to a concurrent prison term of 5 to 15 years for violating the terms of his probation. Defendant now appeals.

Defendant's primary contention is that County Court erred in sentencing him as a second felony offender because on June 17, 1996, the date he was sentenced, he also was resentenced on the crimes for which he was serving a term of probation and, therefore, those crimes could not serve as predicate convictions for the purpose of sentencing him as a second felony offender. We disagree. We previously have held that "[o]nce a sentence of probation is revoked, the new sentence takes its place (see, CPL 410.70 [5]) * * * [and] can properly form the basis for a predicate felony conviction" (People v Knapp, 113 AD2d 154, 167, cert denied 479 US 844). Inasmuch as the crimes for which defendant was sentenced on October 16, 1995 may form the basis for a predicate felony conviction and, further, were final adjudications as of that date, we conclude that such crimes were properly considered by County Court in sentencing defendant as a second felony offender (see, Penal Law § 70.06 [1] [b] [ii]).

In view of this holding, we find no merit to defendant's claim of ineffective assistance of counsel based upon counsel's failure to challenge defendant's sentencing as a second felony offender. Likewise, given defendant's criminal history and his commission of two crimes while on probation, we find no merit to his claim that the sentence imposed in connection with his viola-

tion of probation was harsh and excessive (*see, People v Barrett*, 221 AD2d 772, *lv denied* 87 NY2d 1017).

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.