■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS PUGH, Respondent. [663 NYS2d 179] —Order, Supreme Court, New York County (George Daniels, J.), entered on or about February 15, 1996, granting the defendant's motion to suppress the evidence and oral statements made by him and dismissing the indictment, unanimously reversed, on the law and the facts, the motion denied, and the indictment reinstated.

On December 14, 1993, at approximately 5:35 P.M., Officers Michael Flanagan and Charles Spindelman were driving in a marked patrol car along Harlem River Drive when the livery cab directly in front of them abruptly made a right turn from the left lane and exited at 143 Street at high speed without activating its turn signal. The officers saw the defendant, the car's sole occupant, turn around several times in their direction. The officers stopped the cab because of the traffic violation. In addition, they suspected that a cab robbery was in progress, due to the defendant's behavior, the fact that numerous other cab robberies had occurred in the neighborhood and the obvious traffic infraction in front of a marked police car, which is often a signal for police assistance (*People v Damaceno*, 214 AD2d 464, *lv denied* 86 NY2d 734).

The first time the officers frisked the defendant, they found nothing.* Officer Flanagan then asked the driver for his license and insurance papers, and asked him whether anything was wrong. The driver spoke only Spanish, which the officers did not understand. However, he seemed nervous, and rolled his eyes upward and pointed his thumb to his chest. Officer Flanagan interpreted this gesture as indicating the defendant, who was seated in the back seat. Accordingly, he ordered the defendant out for a second frisk, to make sure that he was not concealing a weapon that they had missed during the initial frisk.

When the defendant left the cab a second time, Officer Spindelman noticed a bag of marihuana on the seat. Upon searching the defendant, he discovered two bags of cocaine.

The motion court suppressed the drug evidence, as well as statements made by the defendant after his arrest, in which he admitted that he had bought the drugs and planned to sell them. The court concluded that in the absence of articulable communication by the cab driver, his nervous demeanor and gestures were too ambiguous to give rise to a reasonable suspicion that the defendant was armed.

While the motion court correctly noted that there were other equally reasonable explanations for the cab driver's behavior, e.g., nervousness about the consequences of his own traffic violation, this is not the proper standard by which to determine the legality of the search. It is sufficient that the officers' understanding of the events was a reasonable interpretation. It is not necessary that it be the only one. In light of the frequency of cab robberies in the area, the defendant's apparent nervousness in the presence of the squad car and the traffic violation that resembled a distress signal, it was not irrational for the officers to suspect that the driver was upset because his passenger was dangerous (see, People v Charriz, 186 AD2d 495, lv denied 81 NY2d 761).

Since the defendant was lawfully ordered out of the cab the second time, the police could validly seize the drugs that were then observed in plain view on the car seat. This, in turn, provided probable cause to arrest the defendant (see, Horton v California, 496 US 128 [evidence in plain view may be seized without warrant if its incriminating nature is immediately apparent and officer has legitimate reason to be there]). The cocaine, beeper, telephone numbers, calling cards and post-

---

* While the legality of this search is debatable, the issue is not before us because no evidence was found at this time.

*Miranda* spontaneous responses to police questioning were validly obtained pursuant to a lawful arrest.

Therefore, we reverse the motion court's order, deny the suppression motion and reinstate the indictment. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Colabella, JJ.