■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE L. BACHMAN, Appellant. [708 NYS2d 725] —Rose, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 25, 1999, convicting defendant upon his plea of guilty of the crime of attempted forgery in the second degree.

Charged with forgery in the second degree and petit larceny as the result of allegations that he inserted his own name as payee on a check entrusted to him for another purpose and cashed it without authorization, defendant pleaded guilty to the reduced charge of attempted forgery in the second degree with the understanding that he would be sentenced to a prison term of 1½ to 3 years in the event that he was determined to be a second felony offender. As a part of the negotiated plea agreement, defendant waived his right to appeal all issues except sentencing. County Court determined that defendant was a second felony offender and sentenced him to the agreed-upon prison term, prompting this appeal.

We reject defendant's assertion that he was improperly sentenced as a second felony offender based upon a Pennsylvania forgery conviction. Contrary to defendant's contention, the

Pennsylvania conviction constituted a predicate felony under Penal Law § 70.06 because it occurred less than 10 years prior to defendant's commission of the instant crime (*see*, Penal Law § 70.06 [1] [b] [iv]) and is comprised of elements similar to the felony of forgery in the second degree in this State (*see*, Penal Law § 170.10; 18 Pa Cons Stat Annot § 4101; *see also*, Penal Law 70.06 [1] [b] [i]; *People v Wimberly [Jones]*, 241 AD2d 565, *lvs denied* 91 NY2d 883, 875). We are similarly unpersuaded that defense counsel's failure to challenge the predicate offense amounted to ineffective assistance of counsel. Defendant admitted his status as a second felony offender (*see*, *People v Perez*, 268 AD2d 688) and, in light of our conclusion that the Pennsylvania conviction properly served as a predicate felony for sentencing purposes, defendant has failed to demonstrate any prejudice resulting from defense counsel's alleged inadequacies (*see*, *People v Hunt*, 243 AD2d 854, 855, *lv denied* 91 NY2d 893). Finally, defendant received the minimum sentence for a second felony offender on his conviction of a class E felony offense (*see*, Penal Law §§ 170.10, 110.05 [6]; CPL 70.06 [3] [e]; [4] [b]) and we therefore lack discretion to disturb it (*see*, *People v Lozovsky*, 267 AD2d 774; *People v LaMarche*, 253 AD2d 944).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.