■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUEY DEI, Appellant. [769 NYS2d 772]—

Appeal from a judgment of Erie County Court (Pietruszka, J.), entered November 20, 2002, convicting defendant after a jury trial of criminal contempt in the first degree (two counts) and aggravated harassment in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]) and aggravated harassment in the second degree (§ 240.30 [1]) arising from two threatening telephone calls that he made to his wife in violation of an order of protection. Defendant's wife did not answer the first telephone call, but her answering machine recorded defendant's message.

Contrary to the contentions of defendant, he was not deprived of a fair trial as a result of County Court's combined *Sandoval* and *Molineux* ruling. With respect to the *Sandoval* application, the court properly "weighed appropriate concerns" in precluding the People from cross-examining defendant concerning a prior conviction of driving while impaired and limiting the scope of permissible cross-examination to two prior incidents of domestic violence (*People v Hayes*, 97 NY2d 203, 208 [2002]). With respect to the *Molineux* application, the court properly allowed the People to inquire fully into the circumstances underlying the conviction that resulted in the issuance of the order of protection (*see People v Howe*, 292 AD2d 542 [2002], *lv denied* 98 NY2d 711 [2002]; *People v Wright*, 288 AD2d 409 [2001], *lv denied* 97 NY2d 763 [2002]). Defendant failed to preserve for our review his contentions that the combined ruling improperly blurred the distinction between *Sandoval* and *Molineux* evidence and that the court's *Molineux* instruction was inadequate (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to the further contention of defendant, the court properly denied his motion seeking dismissal of the indictment on the ground that the People failed to preserve evidence of the first telephone call before defendant's wife erased the recorded

message. The People are subject to sanctions for failing to preserve discoverable evidence only if the evidence is lost or destroyed while in their possession (*see People v James*, 93 NY2d 620, 644 [1999]).

Finally, we conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-715 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]), and we reject defendant's contention that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.