■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER WATTS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALLEN, Appellant. [770 NYS2d 716]—

Judgments, Supreme Court, New York County (Ira Beal, J.), rendered January 2, 2002, convicting defendant Lester Watts, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, and convicting defendant Michael Allen, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 1 year, respectively, unanimously affirmed.

The court properly denied defendant Watts's suppression motion. As the People specifically argued at the hearing, the

undercover and "ghost" officers' radio transmissions, giving a detailed description of Watts and identifying him as a participant in a drug transaction, provided probable cause for Watts's arrest (*see e.g. People v Darby*, 287 AD2d 300 [2001], *lv denied* 97 NY2d 753 [2002]; *see also People v Edwards*, 304 AD2d 367 [2003]). The court's impromptu oral remarks provide no basis for suppression, since the court made it clear that these remarks were not part of its suppression decision. Since Watts was lawfully arrested, the police properly told him to spit out what he was concealing in his mouth, which turned out to be bags of cocaine (*People v Matherine*, 166 AD2d 322 [1990], *lv denied* 76 NY2d 1022 [1990]).

The prosecutor became an unsworn witness by eliciting a conversation she had with the undercover officer about a mistake in his paperwork, and by stating in summation that she had decided not to have him correct the error (*see People v Paperno*, 54 NY2d 294, 300-301 [1981]). However, there is no basis for reversal because defendants have not demonstrated a substantial likelihood of prejudice flowing from the prosecutor's conduct (*id.* at 304; *see also People v Crimmins*, 36 NY2d 230 [1975]).

The other portions of the prosecutor's summation challenged by defendants on appeal generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and nothing in the summation deprived defendants of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We reject Watts's argument that the sale and possession counts were multiplicitous. These were noninclusory concurrent counts requiring proof of different facts (*see People v Saunders*, 290 AD2d 461, 463 [2002], *lv denied* 98 NY2d 681 [2002]).

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.