OPINION OF THE COURT
Per Curiam.
Order dated September 26, 2002 modified, on the law, by denying that branch of defendant’s motion which sought suppression of physical evidence consisting of four bags of marihuana; as modified, order affirmed.
Defendant’s suppression motion should have been denied in its entirety, as recommended by Judicial Hearing Officer Millard L. Midonick (J.H.O.) who presided at the Mapp hearing. There is no basis for disturbing the J.H.O.’s credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The unrefuted police testimony demonstrates, and it is not seriously disputed, that police had probable cause to arrest defendant based upon the arresting officer’s observation of a “green leafy substance”— later confirmed to be marihuana — in a clear plastic bag in open view in defendant’s illegally parked car (see People v Pugh, 243 AD2d 360 [1997]; see also People v Cruz [Cabrera], 7 AD3d 335 [2004], lv denied 3 NY3d 671, 672 [2004]). Upon defendant’s exit from the car, the officer, noticing that defendant was “mumbl[ing]” as if he had something in his mouth, was warranted both in ordering defendant to spit the object(s) out (see People v Watts, 3 AD3d 425, 426 [2004], lv denied 2 NY3d 766 [2004]; People v Matherine, 166 AD2d 322 [1990], lv denied 76 NY2d 1022 [1990]) and in “pinching” or “squeezing” the defendant’s cheeks, thus forcing open defendant’s mouth and causing him to spit out four additional bags of marihuana.
“[T]he reasonable use of force to prevent loss of evidence is permitted where drugs have been placed in the mouth by an arrestee” (People v Matherine, 166 AD2d at 322-323, citing United States v Harrison, 432 F2d 1328 [DC Cir 1970] [upholding police conduct in grabbing defendant’s throat to prevent him from swallowing suspected contraband], and United States v Caldera, *63 421 F2d 152 [9th Cir 1970] [upholding police conduct in applying choke hold and placing pressure against defendant’s nose and jaw to pry open his mouth]). Decisional law in other jurisdictions has stated the principle thusly: “Inasmuch as the mouth is not a sacred orifice and there is no constitutional right to destroy or dispose of evidence, attempts to swallow evidence can be prevented ... as long as excessive force is not employed” (People v Bracamonte, 15 Cal 3d 394, 405 n 6, 540 P2d 624, 632 n 6 [1975]; see Washington v Williams, 16 Wash App 868, 871, 560 P2d 1160, 1162 [1977]; State v Dupree, 319 SC 454, 458, 462 SE2d 279, 282 [1995], cert denied 516 US 1131 [1996]; see generally LaFave, Search and Seizure § 5.2 [i] [4th ed]).
On the suppression record before us, and in the context of this rapidly unfolding police-citizen encounter, it cannot be said that the officer’s momentary action in squeezing the defendant’s cheeks — conduct which did not impair defendant’s breathing or otherwise pose an appreciable risk of injury — constituted unreasonable or excessive force. Moreover, contrary to defendant’s contention, there was a “clear indication” (Schmerber v California, 384 US 757, 770 [1966]; Matter of Abe A., 56 NY2d 288, 297 [1982]) that a search of defendant’s mouth would yield additional incriminating evidence based upon, among other factors, the arresting officer’s unchallenged observation of marihuana in plain view in the front passenger side of defendant’s car and the officer’s stated belief, ultimately vindicated, that the defendant’s mumbled speech was the result of an unknown substance in defendant’s mouth.
People v More (97 NY2d 209 [2002]), relied upon by Criminal Court in suppressing the four bags of marihuana hidden in defendant’s mouth, is inapposite, since that case involved an immediate strip search and “body cavity intrusion” of an arrestee’s rectum.
McCooe, J.P, Davis and Gangel-Jacob, JJ., concur.