■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERVINO SIMMONS, Appellant. [833 NYS2d 437]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 3, 2005, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and

sentencing him to concurrent terms of six years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490 [1987]). The victim's identification testimony was extensively corroborated by circumstantial evidence.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court properly permitted limited inquiry into a prior robbery, whose underlying facts differed significantly from the instant robbery, since the prior incident was indicative of defendant's willingness to place his interests above those of society, and its probative value on the issue of credibility outweighed its prejudicial effect (*see e.g. People v White*, 297 AD2d 258 [2002], *lv denied* 98 NY2d 772 [2002]). The court also properly exercised its discretion in denying defendant's mistrial motion, made after the People attempted to go beyond the court's ruling, since the court sustained defendant's objections and the offending questions were never answered. The jury is presumed to have followed the court's instructions that questions are not evidence (*see People v Fray*, 306 AD2d 188 [2003], *lv denied* 100 NY2d 620 [2003]).

The court properly precluded defendant's uncle from testifying that, in the month preceding the robbery, defendant generally came directly home every evening after work and remained there. This was not admissible as habit evidence, because there was no showing of such a repetitive pattern as to be predictive of defendant's conduct (*see* Prince, Richardson on Evidence § 4-601, at 197-198 [Farrell 11th ed]; *Halloran v Virginia Chems.*, 41 NY2d 386, 389 [1977]). In the circumstances presented, the proffered testimony concerning defendant's usual behavior during the period in question had no probative value with regard to whether he may have behaved differently on a particular night. The uncle was not an alibi witness, since he had no recollection of defendant's whereabouts on the night of the crime. Defendant's related claims regarding the prosecutor's summation, and all of his constitutional arguments concerning the exclusion of the proffered habit evidence, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Defendant's ineffective assistance of counsel argument is without merit. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and Buckley, JJ.