■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR ORTEGA, Appellant. [849 NYS2d 253]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 3, 2005, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, and order, same court and Justice, entered on or about December 20, 2006, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant did not preserve his contention that there was legally insufficient evidence to support his conviction of depraved indifference murder, and we decline to review in the interest of justice. As an alternative holding (see Bell v Miller, 500 F3d 149, 155 [2d Cir 2007]), we also reject it on the merits. At the time of defendant's trial, the focus of the element of depraved indifference to human life was an objective assessment of the degree of risk presented by a defendant's conduct, rather than the defendant's subjective state of mind (see Policano v Herbert, 7 NY3d 588 [2006]; People v Register, 60 NY2d 270 [1983], cert denied 466 US 953 [1984]), and the court charged the jury in accordance with the law at the time. Since defendant did not object to the charge, it became the standard by which both the sufficiency (People v Sala, 95 NY2d 254, 260 [2000]) and the weight (People v Noble, 86 NY2d 814, 815 [1995]) of the evidence are measured.

The evidence establishes that during a violent altercation in an apartment, defendant beat the victim and pinned her against an open window several times. The window had a poorly fitting screen that was secured by tape and incapable of preventing a person from falling through. At one point, the victim was pushed and went out the window and landed four floors below, causing her death.

Although defendant made a statement to police in which he claimed he pushed the victim from some distance away from the

window, eyewitnesses specifically described defendant's conduct as pinning her against the window in the course of the struggle. The evidence supports the inference that, in doing so, defendant callously and wantonly exposed the victim to an extreme risk of death, without intending that outcome.

Considering the evidence in light of the elements of the crime as charged to the jury and considering the reliable evidence, the conflicts in testimony and the competing inferences that could be drawn (*see People v Danielson*, 9 NY3d 342 [2007]), we further find that the verdict was not against the weight of the evidence.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). His ineffective assistance claim, based on counsel's failure to preserve the sufficiency issue, is similar to the claim rejected by the Court of Appeals in *Danielson*, and we likewise reject it (*see also People v Acevedo*, 44 AD3d 168, 172-174 [2007]). Concur—Mazzarelli, J.P., Andrias, Catterson and Mc-Guire, JJ.