■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YEONG SOOK SHIN, Appellant. [877 NYS2d 85]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered October 16, 2006, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 17½ years to life, unanimously affirmed.

Defendant did not preserve his challenges to the legal sufficiency of the evidence (see People v Hines, 97 NY2d 56, 61 [2001]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We further find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The evidence, which included the testimony of numerous eyewitnesses as well as defendant's statements to the police and his own trial testimony, established that defendant acted with an "utter disregard for the value of human life," as required to establish that he acted with the culpable mental state of depraved indifference (People v Feingold, 7 NY3d 288, 296 [2006]). Defendant drove at a fast speed into a crowd that had spilled into the street after a party. He did not honk, apply his brakes, or try to avoid striking the pedestrians. This behavior persisted even after defendant hit five people and one of them landed on the hood of the car, remained on the hood for three fourths of a block, and fell off, resulting in his death. Additionally, defendant, whose conduct was apparently connected to a prior dispute between members of two ethnic groups, admitted to police he was "showing off."

Defendant expressly waived any objection to the court's charge on depraved indifference, and there is no merit to his

claim that he preserved his present challenge to that charge. We decline to review this issue in the interest of justice. As an alternative holding, we find that the court's charge, which tracked the language employed by the Court of Appeals in *Feingold* (7 NY3d at 296) and *People v Suarez* (6 NY3d 202, 214 [2005]), conveyed the proper standards. Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.