The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury’s credibility determinations. The victim’s identification of defendant as the person who shot him was corroborated by several aspects of a surveillance camera recording, including the sound of people shouting defendant’s name immediately before shots were fired.
The court properly permitted the victim to testify, on cross-examination, that he decided to provide an accurate identification of his assailant once the police showed him pictures of various people. The answer was responsive to an inquiry by defense counsel into the victim’s reason for belatedly telling the truth. Although testimony about photo identifications is generally inadmissible, here “defendant opened the door to such testimony and actually elicited it during cross-examination” (People v Hernandez, 286 AD2d 623, 623 [1st Dept 2001], lv denied 97 NY2d 682 [2001]). Accordingly, the court properly declined to interrupt the witness’s answer or declare a mistrial. Concur— Gonzalez, PJ., Saxe, DeGrasse, Freedman and Román, JJ.