*407 Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered August 6, 2001, convicting defendant, after a jury trial, of assault in the first degree, criminal sale of marijuana in the fourth degree and criminal possession of marijuana in the fourth degree, and sentencing him to an aggregate term of 12 years, unanimously affirmed.
Defendant’s legal sufficiency claim, including his related claim concerning the court’s charge on depraved indifference, is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
Defendant concedes that his conduct was reckless but contends that the evidence was insufficient to establish that he possessed the requisite depraved indifference to human life necessary to sustain his first-degree assault conviction (Penal Law § 120.10 [3]). Since the court charged the jury in accordance with the law of depraved indifference in effect at the time of defendant’s trial in 2001 (see People v Register, 60 NY2d 270 [1983], cert denied 466 US 953 [1984]), and since defendant failed to object to the charge or specifically challenge the sufficiency of the proof regarding the depraved indifference element in moving to dismiss the indictment, the law as reflected in the jury charge “became the standard by which both the sufficiency . . . and the weight ... of the evidence are measured” (People v Ortega, 47 AD3d 485, 485 [1st Dept 2008], lv denied 10 NY3d 842 [2008]). In any event, whether we analyze this case under the Register standard or under the current standard set forth in People v Feingold (7 NY3d 288, 296 [2006]), we reach the same result.
While attempting to evade capture by the police, defendant drove at high speeds, swerved dangerously in and out of traffic, disregarded traffic signals, drove the wrong way down a one-way street in a residential section and repeatedly rammed his vehicle into a police vehicle. Furthermore, when defendant’s path was blocked by oncoming traffic, he drove onto a sidewalk crowded with pedestrians, paused, and then rapidly accelerated his vehicle directly towards the victim, who was walking his dog on the sidewalk approximately 30 feet away. Even after defendant struck the victim, causing him to fly onto the hood of defendant’s vehicle, defendant continued to accelerate and only stopped when he crashed into a parked car, at which point defendant got out of his car and fled, almost colliding with the seriously injured victim. Based on this evidence, the jury could have reasonably determined that defendant acted with “utter *408 disregard for the value of human life” without “car[ing] whether grievous harm results or not” (Feingold, 7 NY3d at 296; see also People v Yeong Sook Shin, 61 AD3d 568 [1st Dept 2009], lv denied 12 NY3d 930 [2009]).
Defendant’s main ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in, or not fully explained by, the trial record, particularly regarding counsel’s voir dire strategy (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Defendant claims that, given allegedly graphic testimony that the victim’s dog was placed in danger during this incident, his attorney should have asked prospective jurors, or asked the court to ask them, about their attitudes toward dogs and whether these attitudes might affect the panelists’ impartiality. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Taylor, 1 NY3d 174, 175-176 [2003]; People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Counsel could have reasonably concluded that it was unwise to overemphasize the role of the dog in the case. In any event, defendant has not shown that he was prejudiced by the absence of voir dire concerning dogs. The presence of the dog was incidental, and defendant’s contention that dog ownership was the type of factor that would affect a juror’s ability to be impartial is speculative. To the extent defendant is also making an ineffective assistance claim regarding the depraved indifference issue, we find it to be without merit.
Defendant did not preserve his challenges to portions of the victim’s testimony, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. In several instances, the court struck the testimony at issue, and the jury is presumed to have followed the court’s instruction to disregard anything stricken from the record (see People v Baker, 14 NY3d 266, 273-274 [2010]). To the extent that the remaining testimony challenged by defendant on appeal would be inadmissible, defendant opened the door to such testimony (see People v Marte, 99 AD3d 432 [1st Dept 2012], lv denied 20 NY3d 987 [2012]), and any potential prejudice was likewise alleviated by the court’s instructions.
We have considered and rejected defendant’s claims regarding the sentencing proceeding, including those relating to the loss of the minutes of defendant’s in absentia sentencing. The loss of minutes is attributable to defendant’s nearly nine years spent as a fugitive and concomitant delay in perfecting his appeal. We *409 perceive no basis for reducing the sentence. Concur — Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.