■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHARD McGOWAN, Appellant. [975 NYS2d 147]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 12, 2011, convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of attempted assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict as to attempted assault in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the challenged remarks were fairly responsive to the arguments and issues raised by defense counsel in summation, constituted fair comment on the evidence, or were within the broad bounds of rhetorical comment permissible in closing arguments (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105 [1976]). Furthermore, since the subject remarks were not improper, defense counsel's failure to object to those remarks did not constitute ineffective assistance of counsel (*see People v Friel*, 53 AD3d 667 [2008]; *People v Rose*, 47 AD3d 848 [2008]). Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.