— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered June 29, 2011, convicting him of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of all three counts beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an *1068 independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the challenged remarks were responsive to the arguments and issues raised by defense counsel in summation, constituted fair comment on the evidence, or were within the broad bounds of rhetorical comment permissible in closing arguments (see People v Galloway, 54 NY2d 396 [1981]; People v Ashwal, 39 NY2d 105 [1976]). Furthermore, since the subject remarks were not improper, defense counsel’s failure to object to those remarks does not raise an issue as to whether there was ineffective assistance of counsel (see People v McGowan, 111 AD3d 850, 851 [2013]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83 [1982]). Skelos, J.P, Leventhal, Chambers and Maltese, JJ., concur.