■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIO ORMEJUSTE, Appellant. [985 NYS2d 139]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered July 25, 2012, convicting him of murder in the first degree, murder in the second degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing (St. George, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence presented at the suppression hearing demonstrated that the initial warrantless entry into his home by the police fell within the emergency doctrine exception to the warrant requirement (see *People v Molnar*, 98 NY2d 328, 329 [2002]; *People v Mitchell*, 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]; *People v Longboat*, 278 AD2d 836 [2000]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence obtained from his home.

The defendant contends that the statements he made to law enforcement officials should have been suppressed. However, the specific arguments asserted by the defendant on appeal to support this contention are unpreserved for appellate review (see CPL 470.05 [2]; *People v Fowler*, 101 AD3d 898 [2012]; *People v Philips*, 30 AD3d 620 [2006]). In any event, the defendant's contention is without merit (see *People v White*, 40 AD3d 662 [2007], *affd on other grounds* 10 NY3d 286 [2008], *cert denied* 555 US 897 [2008]; *People v Velazquez*, 33 AD3d 352 [2006]; *People v Hester*, 161 AD2d 665 [1990]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant's contention that various comments made by the prosecutor during summation were improper and require reversal is unpreserved for appellate review, as the defendant did not object to any of those remarks (see *People v Kinard*, 96 AD3d 976 [2012]). In any event, the contested remarks were responsive to arguments and theories presented in the defense's summation (see *People v Brown*, 90 AD3d 575 [2011], *affd* 21 NY3d 739 [2013]), were permissible rhetorical comment (see *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v McGowan*, 111 AD3d 850 [2013]), or constituted harmless error (see *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hanson*, 100 AD3d 771 [2012], *lv granted* 21 NY3d 1016 [2013]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.