Appeal by the defendant from a judgment of the Supreme Court, Nassau County (St. George, J), rendered November 17, 2011, convicting him of vehicular assault in the second degree, operating a motor vehicle while under the influence of drugs, reckless driving, speeding, not driving on the right side, and unsafe lane changing, after a nonjury trial, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant drove his vehicle into the intersection of Sunrise Highway and Carmens Road on Long Island at a very high speed, and, without swerving, honking his horn, or applying his brakes, plowed into a vehicle driven by 80-year-old Alice Stratigos, severely injuring her. At trial, Police Officer Martin Johnstone testified that, at the scene of the crash, one of the defendant’s neighbors told him that the defendant had taken a lot of Xanax and was trying to commit suicide. Officer Johnstone also testified that after the crash, the defendant told him, on three occasions, that he had taken 60 Xanax tablets. In addition, a nurse who happened upon the accident scene testified that the defendant told her that he had taken a large amount of Xanax, although she could not recall the exact number the defendant specified.
Over defense objection, the People introduced into evidence four suicide notes, which were left on the kitchen counter of the home where the defendant’s wife and children resided. The notes either were directly or indirectly addressed to the defend *1080 ant’s wife and/or children and one of the notes mentioned taking Xanax. The defendant contends that the Supreme Court should have barred the admission of the notes into evidence based upon the marital privilege.
“One spouse may not, without consent, disclose a confidential communication made by the other during marriage (CPLR 4502 [b]; CPL 60.10)” (People v Fediuk, 66 NY2d 881, 883 [1985]). While a suicide note can be a communication made during marriage for the purpose of the privilege (see Matter of Vanderbilt [Rosner—Hickey], 57 NY2d 66, 73 [1982]), the spousal privilege falls “when the substance of a communication ... is revealed to third parties” (id. at 74; see People v Weeks, 15 AD3d 845, 846 [2005]; People v Beard, 197 AD2d 582, 583 [1993]; People v LaPlanche, 193 AD2d 1062, 1063 [1993]). Here, the substance of the communication between the defendant and his wife of his intention to commit suicide through taking large quantities of Xanax was revealed by the defendant to Officer Johnstone, his neighbor, and the nurse who happened upon the scene of the accident. In addition, the defendant left the notes on the kitchen counter and directly addressed his children, as well as his wife, in one of the notes. Thus, the Supreme Court properly determined that the notes were not protected by the marital privilege (see People v Thomas, 288 AD2d 405, 406 [2001]).
The defendant contends on appeal that the admission into evidence of his blood test results, without nonhearsay testimony from a witness who participated in the underlying tests, violated his right to confrontation under the Sixth Amendment (see Bullcoming v New Mexico, 564 US — , 131 S Ct 2705 [2011]; Melendez-Diaz v Massachusetts, 557 US 305, 310-311 [2009]; Crawford v Washington, 541 US 36 [2004]). However, “[s]ince the defendant failed to object with specificity that the challenged [evidence] violated his Sixth Amendment right to confront witnesses against him, his contention is unpreserved for appellate review” (People v Ward, 57 AD3d 582, 583 [2008]; see People v Perez, 9 AD3d 376, 377 [2004]).
In any event, any possible error was harmless. Trial errors resulting in a violation of a defendant’s Sixth Amendment right to confrontation are harmless where, as here, the evidence of guilt is overwhelming, and “ ‘there is no reasonable possibility that the error affected the . . . verdict’ ” (People v Porco, 17 NY3d 877, 878 [2011], quoting People v Douglas, 4 NY3d 777, 779 [2005]; see People v Crimmins, 36 NY2d 230, 240-241 [1975]; People v McBee, 8 AD3d 500, 501 [2004]).
Skelos, J.E, Austin, Sgroi and LaSalle, JJ., concur.