■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE THOMPSON, Appellant. [987 NYS2d 189]—

Appeal by the defendant from (1) a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered December 15, 2010, convicting him of robbery in the first degree (two counts) and escape in the first degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed May 3, 2011, sentencing him, as a second violent felony offender, to determinate terms of imprisonment of 20 years upon his convictions of robbery in the first degree, followed by five years of postrelease supervision, to run concurrently with each other and with an indeterminate term of 3½ to 7 years imposed upon his conviction of escape in the first degree.

Ordered that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the determinate terms of imprisonment imposed upon the convictions of robbery in the first degree from 20 years to 15 years; as so modified, the resentence is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in denying his motion to reopen the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) based on the trial testimony of a witness who viewed a lineup, as he failed to show that additional pertinent facts had been discovered which he could not have discovered with reasonable diligence before the determination of his pretrial motion (*see People v Fuentes*, 53 NY2d 892, 894 [1981]; *People v Young*, 278 AD2d 437, 438 [2000]).

The defendant's contention that certain comments made by the prosecutor during his summation deprived him of a fair trial is unpreserved for appellate review, as defense counsel either did not object to the remarks at issue or made only general objections (*see* CPL 470.05 [2]; *People v Hanson*, 100 AD3d 771, 772 [2012]; *People v Cromwell*, 99 AD3d 1017, 1017 [2012]; *People v Brooks*, 89 AD3d 746, 746 [2011]). In any event, this contention is without merit. The prosecutor's comments were fair comment on the evidence, responsive to the defense summation, and remained within the broad bounds of rhetorical comment permissible in closing arguments (*see People v Fields*, 115 AD3d 673 [2014]; *People v Rhodes*, 115 AD3d 681 [2014]; *People v Allen*, 114 AD3d 958, 959 [2014]; *see also People v Galloway*, 54 NY2d 396, 399 [1981]).

The Supreme Court did not err in resentencing the defendant as a second violent felony offender, as the sentence for the predicate violent felony was imposed not more than 10 years before the commission of the felonies of which the defendant presently stands convicted, excluding the periods during which he was incarcerated for those crimes (*see* Penal Law § 70.04 [1] [b] [iv], [v]; *see also People v Hunt*, 243 AD2d 854, 855 [1997]).

The resentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.