■ The People of the State of New York, Respondent, v Ashante Callender, Appellant. [998 NYS2d 448]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered April 4, 2012, convicting him of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant correctly contends, the prosecutor improperly cross-examined a defense witness as to the content of prior conversations between himself and that witness (*see People v Paperno*, 54 NY2d 294, 300-301 [1981]; *People v Rivera*, 27 AD3d 491 [2006]; *People v Watts*, 3 AD3d 425 [2004]; *People v Mangine*, 73 AD2d 816 [1979]). Nevertheless, reversal on this basis is not warranted. In reviewing claims of prosecutorial misconduct, the court will consider the severity and frequency of the conduct, whether the court took appropriate action, and whether the result would have been the same absent the conduct (*see People v Wright*, 88 AD3d 1154, 1158 [2011]).

Here, the court struck the questions and answers regarding the content of the conversations between the prosecutor and the witness, and instructed the jurors before deliberations that they were to dismiss from their minds any testimony that had been stricken and any unanswered questions. The court also instructed the jury that questions in and of themselves are not evidence. The jury is presumed to have followed these instructions (*see People v Miller*, 107 AD3d 406 [2013]; *People v Simmons*, 39 AD3d 235 [2007]). Furthermore, the prosecutor's misconduct constituted harmless error, as there was overwhelm-

ing evidence of the defendant's guilt and no reasonable possibility that the jury would have acquitted the defendant had the prosecutor not asked the witness about his prior conversations with the witness (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Jacob*, 117 AD3d 1079, 1080 [2014]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object to any of the challenged remarks (*see People v Yusuf*, 119 AD3d 619 [2014]; *People v Ormejuste*, 117 AD3d 756 [2014]). In any event, this contention is without merit. The challenged remarks were fair comment on the evidence, responsive to the defense summation, and remained within the broad bounds of rhetorical comment permissible in closing arguments (*see People v Thompson*, 118 AD3d 822 [2014]; *People v Mobley*, 116 AD3d 1067 [2014]; *People v McGowan*, 111 AD3d 850 [2013]). Finally, since the challenged remarks were not improper, defense counsel's failure to object to them did not constitute ineffective assistance of counsel (*see People v Mobley*, 116 AD3d at 1068; *People v McGowan*, 111 AD3d at 851). Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.