■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAMALIER RIVERA, Appellant. [6 NYS3d 75]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 23, 2011, convicting him of robbery in the second degree (two counts), assault in the second degree, criminal possession of a weapon in the fourth degree, resisting arrest, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion to dismiss the indictment was properly denied (*see* CPL 190.50). Moreover, contrary to the defendant's contention, even if his initial assigned counsel failed to act on his desire to testify before the grand jury, any such failure on the part of counsel did not, under the circumstances of this case, amount to the deprivation of the effective assistance of counsel (*see People v Simmons,* 10 NY3d 946, 949 [2008]; *People v Wiggins,* 89 NY2d 872, 873 [1996]).

The defendant's contention that the Supreme Court should have given an adverse inference charge to the jury or otherwise sanctioned the People based on the alleged failure of the police to recover a store surveillance videotape is without merit. " 'The People are subject to sanctions for failing to preserve discoverable evidence only if the evidence is lost or destroyed while in their possession' " (*People v Dockery,* 107 AD3d 913, 914 [2013], quoting *People v Dei,* 2 AD3d 1459, 1461 [2003]). Here, the record does not establish that the videotape was ever in the possession of the police (*see People v Dockery,* 107 AD3d at 914; *People v Dei,* 2 AD3d at 1460; *People v Tutt,* 305 AD2d 987, 987 [2003]; *People v O'Brien,* 270 AD2d 433, 434 [2000]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant failed to object to any of the challenged remarks (*see People v Yusuf,* 119 AD3d 619 [2014]; *People v Ormejuste,* 117 AD3d 756 [2014]). In any event, this contention is without merit. The challenged remarks were fair comment on the evidence, responsive to the defense summation, and remained within the broad bounds of rhetorical comment permissible in closing arguments (*see People v Thompson,* 118 AD3d 822 [2014], *lv granted* 24 NY3d 1089 [2014]; *People v Mobley,* 116 AD3d 1067 [2014]; *People v McGowan,* 111 AD3d 850 [2013]).

The defendant failed to preserve for appellate review his contention that the evidence at trial was legally insufficient to support his convictions of robbery in the second degree and assault in the second degree (Penal Law §§ 120.05 [6]; 160.10 [2]), because the People failed to show that the complainant sustained a "physical injury," an element of both crimes (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]; *People v White,* 94 AD3d 918, 918 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the complainant sustained physical injury (*see* Penal Law § 10.00 [9]; *People v*

*Valencia*, 50 AD3d 1163, 1164 [2008]; *People v Krotoszynski*, 43 AD3d 450, 453 [2007]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is also unpreserved for appellate review (*see People v Evans*, 16 AD3d 595, 596 [2005]) and, in any event, is without merit. The fact that the defendant's sentence was greater than the one he would have received had he pleaded guilty does not establish his entitlement to a lesser sentence (*see id.; People v Hinton*, 285 AD2d 476 [2001]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.