Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered September 12, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Carroll, J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
*1064 Ordered that the judgment is affirmed.
On a motion by a defendant to suppress physical evidence, the People have the burden of going forward to show the legality of the police conduct in the first instance (see People v Whitehurst, 25 NY2d 389, 391 [1969]; People v Spann, 82 AD3d 1013, 1014 [2011]; People v Thomas, 291 AD2d 462, 463 [2002]). “Implicit in this concept is that the testimony offered by the People in first presenting their case must be credible” (People v Quinones, 61 AD2d 765, 766 [1978], citing People v Berrios, 28 NY2d 361, 367-368 [1971]). Once the People establish the legality of the police conduct by credible evidence, the defendant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal (see People v Spann, 82 AD3d at 1014; People v Thomas, 291 AD2d at 463; cf. Matter of Robert D., 69 AD3d 714 [2010]). A hearing court’s determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence (see People v Wheeler, 2 NY3d 370, 374 [2004]; People v Prochilo, 41 NY2d 759, 761 [1977]; People v Cole, 85 AD3d 1198, 1199 [2011]; People v Barley, 82 AD3d 996, 997 [2011]).
Here, the People met their burden of demonstrating the legality of the police conduct at issue. Officer Mourad testified that he had extensive experience with firearms arrests, having been involved in 40 or 50 gun arrests, and having personally made 10 of those arrests. Mourad also stated that he received training in recognizing the behavior of people carrying firearms, and that the most common area to carry a firearm is the waistband. With respect to the subject arrest, Mourad consistently testified that, as he rode in a police van that drove slowly past the defendant, he made eye contact with the defendant who then made a movement to adjust his waistband. Mourad further testified that, as a consequence of this movement, the defendant’s jacket was pushed aside, thereby revealing to Mourad a “rectangular shape” under the defendant’s clothing which he believed could be the “outline” of a firearm handle. Although it was dark at the time, the area was lit by a building light and a street lamp. Moreover, Mourad testified that he was in an elevated position in the van and that, as he looked back, diagonally, through the middle driver side window, he could clearly see the defendant on the sidewalk about 10 to 15 feet away. When viewed in its entirety, Mourad’s testimony was not incredible, and we perceive no basis for disturbing the hearing court’s decision to credit such testimony (see People v *1065 Durgey, 186 AD2d 899, 901 [1992]; cf. People v Lebron, 184 AD2d 784, 785 [1992]).
“In determining whether an individual’s actions rise to the level of reasonable suspicion, police officers are permitted to interpret the behavior in light of their training and experience” (People v Solano, 46 AD3d 1223, 1224 [2007]; see People v Nichols, 277 AD2d 715, 716-717 [2000]). Here, in contrast to the opinion of our dissenting colleague, the factual circumstances described by Mourad, coupled with the officer’s experience and training, were sufficient to permit him to request information from the defendant (see People v De Bour, 40 NY2d 210 [1976]). The decision to make inquiry of the defendant did not stem from mere “whim or caprice,” but was objectively based upon observation of the defendant’s actions as filtered through the officer’s experience (People v Hollman, 79 NY2d 181, 190 [1992]; cf. People v McIntosh, 96 NY2d 521, 526 [2001]). Officer Mourad specifically testified that he believed the shape of the concealed object which he observed under the defendant’s clothing was the outline of a gun (see People v Henderson, 85 AD3d 663 [2011]). Mourad explained that the defendant moved in a way that he recognized, from experience, as typical of attempts to adjust a firearm kept in a waistband (see People v Henderson, 85 AD3d at 663), and further testified that the defendant began to increase his pace after the officers exited their vehicle and announced their presence (see generally People v Anderson, 91 AD3d 789, 789 [2012]). Accordingly, there was reasonable suspicion to stop and frisk the defendant (see Matter of George G., 73 AD3d 624 [2010]; People v Quan, 182 AD2d 506 [1992], lv denied 80 NY2d 836 [1992]).
Contrary to the defendant’s contention, trial counsel was not ineffective because she failed to challenge the prosecutor’s explanations for using peremptory challenges against two potential jurors. “A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success” (People v Stultz, 2 NY3d 277, 287 [2004]; see People v Caban, 5 NY3d 143, 152 [2005]). In addition, when viewed as a whole, the record demonstrates that the defendant received the effective assistance of counsel (see Strickland v Washington, 466 US 668, 688 [1984]; People v Caban, 5 NY3d at 152).
The defendant’s contention that certain comments made by the prosecutor during his summation deprived him of a fair trial is unpreserved for appellate review, as defense counsel either did not object to the challenged remarks or made only general objections (see CPL 470.05 [2]; People v Tonge, 93 NY2d *1066 838, 839-840 [1999]; People v Terry, 122 AD3d 882 [2014]). In any event, the contention is without merit. The prosecutor’s comments were responsive to the defense summation, constituted fair comment on the evidence, or were within the broad bounds of rhetorical comment permissible in closing arguments (see People v Thompson, 118 AD3d 822, 823 [2014], lv granted 24 NY3d 1089 [2014]; People v Mobley, 116 AD3d 1067, 1068 [2014]). Furthermore, since the challenged summation remarks were not improper, defense counsel’s failure to object to the remarks did not constitute ineffective assistance of counsel (see People v Callender, 123 AD3d 840 [2014]; People v Mobley, 116 AD3d at 1068).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Sgroi and Duffy, JJ., concur.