■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD DOZE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of multiple counts of rape, sodomy and sexual abuse committed upon four young girls on four separate occasions over a seven-month period. He contends that he was denied the effective assistance of counsel; that the trial court abused its discretion in denying a motion for severance; and that the imposition of consecutive sentences was harsh and excessive.

Defendant's claim that he was denied the effective assistance of counsel is based solely on the fact that his trial attorney failed to make a pretrial motion for a severance. Assuming, arguendo, that such application might have been successful *(see, People v Shapiro,* 50 NY2d 747; *People v Jackson,* 77 AD2d 630, 632), we believe that counsel's election not to do so was part of a plausible trial strategy. By trying

the charges against each victim jointly, defense counsel was able to present consistent and strongly supportive testimony of the woman with whom he was living as well as that of her two daughters. Additionally, counsel may have considered that the potential for imposition of concurrent sentences was greater in the case of a joint trial. Defendant's trial counsel presented several witnesses in support of his case, effectively cross-examined prosecution witnesses, and vigorously objected on numerous occasions. Viewed in its entirety, counsel's representation was meaningful *(People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137).

Defendant's claim that the court abused its discretion in denying his severance motion is without merit. Defendant moved on the third day of trial for a mistrial, not a severance. Because counsel failed to demonstrate any error or defect warranting such relief, the motion was properly denied *(see, Hall v Potoker,* 49 NY2d 501).

The sentencing court was aware of defendant's past history, the nature of the crimes, as well as the tender age of, and impact of the crimes upon, the victims. We cannot conclude that the court, having considered these and other relevant factors, abused its discretion by imposing consecutive sentences. (Appeal from judgment of Supreme Court, Erie County, Francis, J.—rape, first degree, and other charges.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.