■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHROUKH OMRAMI, Appellant.—Judgment of the Supreme

Court, New York County (Franklin Weissberg, J., at jury trial and sentence), rendered May 10, 1988, convicting defendant of two counts of grand larceny in the second degree, and sentencing defendant to concurrent terms of 1½ to 4½ years' imprisonment, unanimously affirmed.

The jury could exclude "to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise [to pay for the diamonds] would not be performed" (Penal Law § 155.05 [2] [d]) from, *inter alia,* the evidence of defendant's pattern of conduct. Defendant gained the confidence of the merchants he victimized by purchasing and timely paying for relatively small quantities of diamonds. He then substantially increased the volume of his purchases, paying for the gems with checks and promissory notes which were never honored.

Defendant's acquittal on the scheme to defraud count is consistent with his conviction on the two larceny counts under the theory of larceny by false promise. While the crime of scheme to defraud requires an intent to defraud more than one person (Penal Law § 190.60), the scheme to defraud element of larceny by false promise (Penal Law § 155.05 [2] [d]) contains no such requirement. The jury could have inferred the requisite scheme to defraud element of larceny by false promise from evidence that defendant initially took small amounts of diamonds and subsequently took larger amounts from his victims before he began dishonoring the notes.

Any error in regard to testimony by one of the complainants that he received an appraisal of $200 for two semiprecious stones can be deemed harmless. This appraisal was not necessarily inconsistent with the testimony of defendant's expert witness as to the appraised value.

Defendant's claim that the fourth and fifth counts of the indictment were improperly joined with the second and third counts has not been preserved as a question of law for this court's review. In any event, the joinder was proper.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Ross, J. P., Asch, Rosenberger, Smith and Rubin, JJ.