■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JONES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GREEN, Appellant. [638 NYS2d 63] —Judgments, Supreme Court, New York County (Bonnie Wittner, J.), rendered June 3, 1993 and June 8, 1993, convicting defendants Green and Jones, respectively, after a jury trial, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second and third degrees, and criminal possession of a controlled substance in

the third and fourth degrees, and sentencing defendant Green to an aggregate term of 11¹/₃ to 34 years and defendant Jones to an aggregate term of 9 to 27 years, unanimously affirmed.

Defendant Jones' "motion" for a severance of the drug charges from those related to the attempted murder charges, raised for the first time on the day of trial, was untimely (CPL 255.20 [1], [3]; *People v Matthews*, 175 AD2d 24, 24-25, *affd* 79 NY2d 1010). Moreover, it was based on a different ground from the ground raised on appeal. Defendant Green did not join in this motion at all. Therefore, defendants' contentions that the charges were not joinable under CPL 200.20 are unpreserved for appellate review (*People v Russell*, 71 NY2d 1016, 1017), and we decline to review them in the interest of justice. If we were to review them, we would find that a severance was not warranted since the charges were joinable under CPL 200.20 (2) (b). In this drug related shooting, the drug charges were relevant to motive (*see, People v Zorilla*, 211 AD2d 582; *People v Munger*, 24 NY2d 445, 449). We also find that Green was not deprived of effective assistance of counsel by the fact that his counsel did not move to sever.

We agree with the hearing court that suppression of statement or identification evidence was not warranted since the 48-hour delay in arraigning defendants was not an attempt to deprive them of counsel (*People v Hopkins*, 58 NY2d 1079, 1081), but rather resulted from the need to complete the investigation by conducting prompt line-ups since defendants were arrested over two months after the shooting.

After the victim failed to identify anyone from Jones' line-up, the officer immediately observed that Jones was slouching down and obscuring his face by holding his number card above his chin. He removed the witness from the viewing room and ordered all of the subjects to sit upright and hold their cards below their faces, whereupon, the victim identified Jones. Under the circumstances, the officer did not position the defendant in a manner so as "to create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence. We have considered defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Ross, Tom and Mazzarelli, JJ.