■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE P. SHAW, Appellant. [671 NYS2d 369] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) in connection with three separate incidents involving two eight-year-old victims. By failing to move for a severance, defendant failed to preserve for our review his contention that count one of the indictment was improperly joined with counts two and three (*see, People v Omrami,* 155 AD2d 369, 370, *lv denied* 75 NY2d 922; *People v Crutchfield,* 134 AD2d 508, *lv denied* 71 NY2d 894). In any event, the offenses were properly joinable pursuant to CPL 200.20 (2) (c) (*see, People v Daymon,* 239 AD2d 907). We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to move for a severance (*see, People v Jones,* 224 AD2d 334, 335, *lv denied* 88 NY2d 937; *People v Doze,* 151 AD2d 997, *lv denied* 74 NY2d 808).

Defendant also failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19). We decline to exercise our discretion to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6]). The jury's verdict is supported by the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The contention of defendant that he was deprived of a fair trial by prosecutorial misconduct during summation, likewise, is not preserved for our review (*see,* CPL 470.05 [2]; *People v Albert,* 222 AD2d 1005, *lv denied* 88 NY2d 844, 979). In any event, the isolated comment complained of was "within the wide rhetorical bounds granted to the prosecutor to comment upon the evidence or in response to defense counsel's summation" (*People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895; *see, People v Tolliver,* 248 AD2d 988).

County Court did not abuse its discretion in imposing consecutive indeterminate terms of imprisonment on each count inasmuch as the record establishes that there were three separate incidents of sexual abuse (*see, People v Beecher,* 225 AD2d 943, 946; *see generally, People v Ramirez,* 89 NY2d 444, 451). The sentence is not unduly harsh or severe. (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.