■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR ROJAS, Appellant. [722 NYS2d 149] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 18, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second and third degrees and conspiracy in the second degree, and sentencing him to consecutive terms of 8 years to life, 4 to 12 years, and 8 to 24 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no reason to disturb the jury's credibility determinations. Defendant's role in the drug-selling operation was clearly established.

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.

■ In the Matter of KENNY HAWCO, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [722 NYS2d 150] —Order, Supreme Court, New York County (Bruce Allen, J.), entered October 26, 1999, which, in a proceeding pursuant to CPLR article 78 challenging respondent's dismissal of petitioner's rent overcharge complaint as time-barred, dismissed the petition, unanimously affirmed, without costs.

Respondent's dismissal of petitioner's challenge to the service of the initial 1984 rent registration was rational. Petitioner's overcharge complaint, filed in 1989 and still pending at the time of the enactment of the Rent Regulation Reform Act of 1997 ([RRRA 1997] L 1997, ch 116), was, pursuant to that enactment, subject to a four-year limitations period (*Matter of Muller v New York State Div. of Hous. & Community Renewal*, 263 AD2d 296, 303), which period plainly did not encompass the complained of rent registration. Pursuant to its express terms, RRRA 1997 was effective immediately and applicable to all pending cases (*id.*). Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.