■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HUDSON, Appellant. [933 NYS2d 674]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was a chain of circumstantial evidence, including defendant's behavior at the time of the drug transaction, that made no sense unless defendant was a participant.

The court properly exercised its discretion in receiving proof that the codefendant's cell phone, which was already in evidence, had a contact listing for defendant's known nickname. This evidence was not received for its truth, but even if received for its truth, it was admissible as a statement by a coconspirator (*see generally People v Bac Tran*, 80 NY2d 170, 179 [1992]). Viewing the chain of events in the light of common sense, we find there was ample independent evidence of a conspiracy between defendant and the codefendant. In any event, the contact entry was not prejudicial, because it was merely cumulative to other evidence showing a pattern of calls between the codefendant's phone and a phone that was sufficiently connected to defendant.

The court properly exercised its discretion in permitting the investigating detective to testify about his interpretation of a surveillance videotape that showed suspicious events involving a particular car. The detective, who did not witness those events, did not give an opinion about what the videotape depicted. Instead, he only explained his own state of mind and how it was affected by the videotape. This was relevant to explain the actions of the police in stopping defendant's car several weeks later (*see People v Tosca*, 98 NY2d 660, 661 [2002]).

The court also properly exercised its discretion in admitting an exhibit prepared by a prosecution witness, summarizing voluminous records of phone calls (*see Ed Guth Realty v Gingold*, 34 NY2d 440, 451-452 [1974]). Defendant's only objection was a meritless claim that the original records were not unduly voluminous. Defendant's remaining challenges to this evidence are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Finally, defendant's complaints about the prosecutor's summation are also unpreserved, and we likewise decline to review

them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.