■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BROWN, Appellant. [936 NYS2d 537]—

The verdict was not against the weight of the evidence (*People*

*v Danielson*, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury's determinations regarding credibility and identification. The testimony of the identifying eyewitness was corroborated by other evidence, including testimony from a cooperating accomplice.

Defendant's arguments about the court interjecting itself into the proceedings are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that defendant was not deprived of a fair trial. While some of the court's comments may have been inadvisable, there was nothing in the court's conduct that requires reversal.

The challenged portion of the prosecutor's summation did not shift the burden of proof. Instead, the prosecutor was properly responding to defendant's summation arguments concerning the cooperating accomplice's alleged motives to falsify. The prosecutor was entitled to refute those claims by arguing that they were implausible and unsupported by the evidence (*see e.g. People v Sprinkle*, 221 AD2d 269 [1995], *lv denied* 87 NY2d 925 [1996]). In any event, any prejudice was alleviated by the court's curative instructions.

The court properly imposed consecutive sentences. The murder and weapon possession were separate acts for sentencing purposes (*see* Penal Law § 70.25 [2]; *People v Wright*, 87 AD3d 229 [2011], *lv granted* 2011 NY Slip Op 78815[U] [2011]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.