Defendant did not preserve his claim that a detective gave improper opinion testimony regarding defendant’s guilt. After defense counsel made general objections, the court gave the jury a thorough instruction concerning the limited purpose for which this testimony was received. Accordingly, the limiting instruction “must be deemed to have corrected the [alleged] error to the defendant’s satisfaction” (People v Heide, 84 NY2d 943, 944 [1994]; see also People v Medina, 53 NY2d 951, 953 [1981]).
We decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits. One of the material issues at trial was whether defendant’s confession was the product of unduly prolonged interrogation. Since the detective’s credibility was at issue with respect to the events leading to defendant’s statement, it was permissible under the circumstances presented for the jury to hear the detective’s explanation for persisting in his interrogation after defendant denied his involvement. The testimony was not offered to convey the detective’s opinion of defendant’s guilt, but only to explain the detective’s own state of mind and how it affected his actions *484 (see People v Hudson, 90 AD3d 437, 438 [1st Dept 2011]). Furthermore, the court’s careful instruction, which it delivered during the testimony as well as during its main charge, made that distinction clear to the jury and was sufficient to prevent any prejudice. Finally, we reject defendant’s assertion that the challenged testimony implied that the detective relied on information not presented at trial.
Since defendant’s CPL 440.10 motion was denied, as was his motion for leave to appeal to this Court, our review of defendant’s ineffective assistance of counsel claims is limited to the trial record. To the extent the trial record permits review, we conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
Defendant was not deprived of effective assistance of counsel when his attorney agreed to stipulate to minor matters relating to the content of discovery materials and the timing of their disclosure. There was no significant contradiction between the stipulation and defendant’s testimony (compare People v Berroa, 99 NY2d 134 [2002]). In any event, even if the prosecutor may have exaggerated the significance of the stipulation during summation, there is no reasonable possibility that the stipulation or the summation comment could have affected the verdict (see Strickland, 466 US at 694). Furthermore, the prosecutor’s summation did not concede any legal issue presented on this appeal, and we reject defendant’s argument to the contrary.
The remainder of defendant’s ineffective assistance claims relate to trial counsel’s failure to raise issues that defendant raises on appeal concerning such matters as the suppression proceedings, the prosecutor’s summation and the court’s charge. Defendant has not shown that counsel’s failure to raise these issues fell below an objective standard of reasonableness, that raising these issues would have resulted in favorable rulings from the trial court or on this appeal, or that, viewed individually or collectively, the alleged deficiencies deprived defendant of a fair trial, affected the outcome of the case, or caused defendant any prejudice.
The court properly denied defendant’s suppression motion. The totality of the circumstances establishes that defendant’s confession was voluntarily made (see Arizona v Fulminante, 499 US 279, 285-288 [1991]; People v Anderson, 42 NY2d 35, 38-39 [1977]). At the suppression hearing, defendant did not raise his present claim that his state right to counsel had attached because of an unrelated warrant. While such a claim may be *485 raised for the first time on appeal, “[a]ppellate review of such an unpreserved error is available, however, only when the error is established on the face of the record” (People v McLean, 15 NY3d 117, 119 [2010]; see also People v Kinchen, 60 NY2d 772, 773-774 [1983]). The hearing record is insufficient to support defendant’s claim; to the extent it permits review, it supports an inference that the police questioning was permissible under the circumstances (see People v Lopez, 16 NY3d 375, 385-386 [2011]).
Defendant’s challenges to the prosecutor’s summation and the court’s charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur — Saxe, J.E, Sweeny, Richter, Abdus-Salaam and Román, JJ.