■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDRED LEITZSEY, Respondent. [995 NYS2d 166]—

Appeals by the defendant from two judgments of the Supreme Court, Richmond County (Collini, J.), both rendered July 8, 2008, convicting him of murder in the first degree under indictment No. 143/06, and assault in the first degree under indictment No. 144/06, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant argues that his waivers of the right to counsel were invalid because the Supreme Court failed to delve into the question of his competency and capacity to represent himself before permitting him to waive his right to counsel and proceed pro se. This argument is without merit. In *People v Stone* (22 NY3d 520 [2014]), the Court of Appeals explained that "under New York law a defendant's mental capacity may be taken into account in" determining whether to permit the defendant to proceed pro se, "although the trial court need not conduct a formal 'competency' hearing prior to adjudicating a self-representation request" (*id.* at 527; *see Faretta v California*, 422 US 806 [1975]). Here, as in *Stone*, "when defendant expressed a desire to represent himself, the trial court had no reason to question his mental health, much less a basis to believe that defendant suffered from an illness severe enough to impact his ability to waive counsel and proceed pro se" (*People v Stone*, 22 NY3d at 528). Thus, it cannot be said that the court improvidently exercised its discretion in failing to undertake a

particularized assessment of defendant's mental capacity in resolving the defendant's request to proceed pro se (*see id.* at 529). Further, the Supreme Court did not err in failing sua sponte to direct a competency examination (*see id.*; *People v Bryant*, 117 AD3d 1591 [2014]).

The defendant's contention that the Supreme Court improperly directed a joint trial of the proceedings under indictment Nos. 143/06 and 144/06 is unpreserved for appellate review (*see People v Gomezgil*, 135 AD2d 561, 562 [1987]), since the specific argument that the defendant now makes on appeal was not made in the Supreme Court (*cf. People v Ormejuste*, 117 AD3d 756 [2014]; *People v Jones*, 224 AD2d 334, 335 [1996]). In any event, any error in joining the two matters for trial was harmless in light of the overwhelming evidence of the defendant's guilt and the lack of any prejudice to the defendant resulting from the joinder of the two matters for trial (*see People v Serrano*, 74 AD3d 1104, 1107 [2010]; *People v Singson*, 40 AD3d 1015, 1016 [2007]; *People v Quartieri*, 171 AD2d 889, 892 [1991]).

The defendant's remaining contention is without merit. Dillon, J.P., Hall, Austin and Barros, JJ., concur.