*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                    105845
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

KOLBY MARTIN,
                        Appellant.
_____

Calendar Date:  January 6, 2016

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 22, 2012 in Albany County, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree (three counts).

        Following a jury trial, defendant was convicted of attempted murder in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree (three counts) for his role as the shooter in a drive-by shooting.  He was sentenced as a second felony offender to an aggregate prison term of 25 years, followed by five years

of postrelease supervision.   He now appeals.

Supreme Court's Sandoval ruling "appropriately balanced the probative value of the proof pertaining to defendant's credibility against the risk of unfair prejudice" (People v Portis, 129 AD3d 1300, 1303 [2015], lv denied 26 NY3d 1091 [2015] [internal quotation marks and citation omitted]; see People v Sandoval, 34 NY2d 371, 377 [1974]).   When the People sought to use five of defendant's 10 prior convictions to impeach him during cross-examination, the court precluded inquiry into two of them and limited the scope of inquiry into the remaining three convictions to exclude any mention of the underlying facts. While two of those three convictions — a 2002 conviction for criminal sale of a controlled substance in the fifth degree and a 2001 conviction of attempted robbery in the second degree — were remote in time, "there is no bright-line rule of exclusion based upon age of conviction" (People v Wilson, 78 AD3d 1213, 1216 [2010], lv denied 16 NY3d 747 [2011]; see People v Portis, 129 AD3d at 1303), and the court correctly noted that both convictions directly implicated defendant's willingness to put his own interests above those of society.

Although defendant's challenge to the legal sufficiency of the evidence was not properly preserved (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Briggs, 129 AD3d 1201, 1202 [2015], lv denied 26 NY3d 1038 [2015]), we will evaluate the adequacy of the proof at trial as part of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Andrews, 127 AD3d 1417, 1419 [2015], lv denied 25 NY3d 1159 [2015]).   At trial, the People produced an eyewitness who testified that she saw a vehicle pull up to the curb of a city street and then heard a series of gunshots fired at two young men on the sidewalk.   As the victims fled, the eyewitness saw blood on the back of one victim's shirt.   A police sergeant, who also heard the initial shots and observed a driver and a passenger in the vehicle, testified that he witnessed an arm emerge from the passenger-side window and fire a handgun at one of the fleeing victims.   The vehicle then sped away and a number of police vehicles became involved in an extended high speed chase through city streets, ending in defendant's apprehension.

During the chase, a police detective who had known defendant for over 10 years clearly observed and identified him as the passenger in the vehicle.  As the detective pursued the vehicle, he saw it slow down and then speed up again after the passenger-side door swung open for a moment.  The detective returned to that location, where two loaded and operable handguns were recovered.  At trial, the People's experts linked defendant's DNA and a shell casing recovered from the scene to the handguns.  Viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we find that the verdict was not against the weight of the evidence (see People v Lanier, 130 AD3d 1310, 1311 [2015], lv denied 26 NY3d 1009 [2015]; People v Miller, 118 AD3d 1127, 1128-1129 [2014], lv denied 24 NY3d 1086 [2014]; People v Molina, 79 AD3d 1371, 1375-1376 [2010], lv denied 16 NY3d 861 [2011]).

In view of defendant's extensive criminal history, his involvement in a shooting rampage on a city street and his participation in a high speed chase endangering the lives of police and the general public, for which he has expressed no remorse, we reject his claim that Supreme Court's imposition of the maximum sentence was unduly harsh or excessive (see People v Matthews, 134 AD3d 1248, 1251 [2015]; People v Griffin, 122 AD3d 1068, 1071 [2014], lv denied 25 NY3d 1164 [2015]).

McCarthy, J.P., Garry and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court