*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 27, 2016                    104895
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                          MEMORANDUM AND ORDER

WADE McCOMMONS, Also Known as
    SINCERE, Also Known as
    SIN,
                        Appellant.
_____

Calendar Date:   September 8, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

        Robert A. Regan, Glens Falls, for appellant.

        Robert M. Carney, District Attorney, Schenectady, for
respondent.

_____

Garry, J.P.

        Appeal from a judgment of the Supreme Court (Coccoma, J.),
rendered December 19, 2011 in Schenectady County, upon a verdict
convicting defendant of the crimes of burglary in the first
degree (two counts), attempted robbery in the first degree (six
counts), unlawful imprisonment in the first degree, murder in the
second degree, manslaughter in the second degree and criminal
possession of a weapon in the second degree (two counts).

        In May 2009, an armed man forced his way into the home of a
woman and her nine-year-old daughter in the City of Schenectady,
Schenectady County, held a gun to the woman's head and demanded
money.  The daughter escaped and summoned help, and the intruder

fled.  Nine days later, an armed man attempted to rob a Schenectady convenience store and grabbed a customer named Laurel Teer.  When she struggled, he struck her on the head with his weapon, which discharged and killed her.

After an investigation, defendant was arrested and charged with various crimes arising from both incidents.  Supreme Court denied defendant's pretrial motion to sever the indictments from the separate criminal transactions.  Thereafter, Supreme Court conducted a combined Sandoval and Molineux hearing and issued a limited ruling permitting the People to elicit testimony and submit evidence regarding certain aspects of defendant's criminal and prison disciplinary history and his prior bad acts.  Following a jury trial, defendant was convicted of burglary in the first degree (two counts), attempted robbery in the first degree (two counts) and unlawful imprisonment in the first degree arising from the home invasion.  As to the convenience store shooting, he was convicted of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree (four counts) and criminal possession of a weapon in the second degree (two counts).  Defendant was sentenced, as a second felony offender, to an aggregate prison term of 45 years to life.  He appeals.

Defendant contends that his motion for severance should have been granted pursuant to CPL 200.20 (3) (a) on the ground that the People's identification evidence connecting him with the home invasion was stronger than that pertaining to the convenience store shooting.  In his motion, however, defendant relied solely upon a different claim, premised upon CPL 200.20 (3) (b), that he has now abandoned.  Accordingly, his appellate argument is unpreserved (see People v Montalbano, 285 AD2d 562, 562 [2001], lv denied 97 NY2d 642 [2001]; People v Jones, 224 AD2d 334, 335 [1996], lv denied 88 NY2d 937 [1996]; People v Bouyea, 142 AD2d 757, 758-759 [1988]).[1]  In any event, defendant

_____

[1]  Supreme Court determined that the offenses were properly joined under CPL 200.20 (2) (c) and (d) and, as it had not reviewed the grand jury minutes, declined to address the other statutory criteria.

was not entitled to discretionary severance unless he demonstrated that the only basis for joinder was the similarity of the charges under CPL 200.20 (2) (c) and further made the requisite showing of good cause (see CPL 200.20 [3]; People v Lane, 56 NY2d 1, 7 [1982]; People v Raucci, 109 AD3d 109, 117 [2013], lv denied 22 NY3d 1158 [2014]). We discern no reason to invoke our interest of justice jurisdiction to take corrective action.

Next, we reject defendant's contention that Supreme Court erred in its Sandoval ruling permitting the People to cross-examine defendant, if he testified at trial, about a 2003 conviction for criminal contempt in the first degree, a 2003 probation violation and a 2010 administrative finding of obstruction of governmental administration.[2] Contrary to defendant's claim, the fact that an administrative finding in a prison disciplinary proceeding does not constitute a criminal conviction does not preclude its use in cross-examination where, as here, its probative value on the issue of a defendant's credibility outweighs its potential prejudicial effect (see People v Adams, 39 AD3d 1081, 1082 [2007], lv denied 9 NY3d 872 [2007]; People v Porter, 305 AD2d 933, 934 [2003], lv denied 100 NY2d 586 [2003]).

The 2003 contempt conviction and probation violation were not too remote in time to be of probative value. Defendant was incarcerated for two of the six years that elapsed between the 2003 events and the 2009 crimes (see People v Ortiz, 156 AD2d 197, 198 [1989], lv denied 76 NY2d 740 [1990]), and it is well established that "'there is no bright-line rule of exclusion based upon age of conviction'" (People v Martin, 136 AD3d 1218, 1219 [2016], lv denied ___ NY3d ___ [Sept. 20, 2016], quoting People v Wilson, 78 AD3d 1213, 1216 [2010], lv denied 16 NY3d 747 [2011]; see People v Portis, 129 AD3d 1300, 1303 [2015], lvs denied 26 NY3d 1088, 1091 [2015]). The contempt conviction was indicative of defendant's willingness to place his own interests ahead of those of society and was therefore probative of his credibility (see People v Grant, 7 NY3d 421, 424 n 2 [2006];

_____

[2] Defendant did not testify.

People v Olson, 110 AD3d 1373, 1375-1376 [2013], lv denied 23 NY3d 1023 [2014]; People v Foster, 52 AD3d 957, 960-961 [2008], lv denied 11 NY3d 788 [2008]). The probation violation likewise bore upon his credibility (see People v Valenti, 199 AD2d 617, 617-618 [1993], lv denied 83 NY2d 811 [1994]). As for defendant's contention that the probation violation was partially premised upon two criminal charges that were never resolved, Supreme Court limited its ruling by, among other things, precluding inquiry into one of these unresolved charges. Any error related to the court's failure to mention the other unresolved charge was harmless, as the evidence against defendant was overwhelming and there was no significant probability that he would have been acquitted if the Sandoval ruling had been different (see People v Grant, 7 NY3d at 425; People v Boodrow, 42 AD3d 582, 585 [2007]).

Supreme Court's Molineux ruling was not an abuse of discretion. Evidence of prior criminal conduct or bad acts is inadmissible to establish a defendant's criminal propensity or bad character, but may be admitted when it is relevant to some material issue pertaining to the charged crime and its probative value outweighs its potential for unfair prejudice (see People v Cass, 18 NY3d 553, 560 [2012]; People v Ventimiglia, 52 NY2d 350, 359 [1981]). First, we find no error in the ruling relative to the testimony of defendant's federal probation officer. This witness testified that, a few days after the convenience store shooting, he took a photograph of defendant in which he was wearing a hooded sweatshirt that appeared to be identical in style, color and detail to one worn by the shooter. The photograph was relevant to the issue of defendant's identity as the perpetrator of the crime (see People v Cass, 18 NY3d at 560), and the fact that the witness was a federal probation officer was necessary background information explaining why defendant was in his presence and the circumstances that led the officer to recognize the similarity in clothing (see People v Alnutt, 107 AD3d 1139, 1142 [2013], lv denied 22 NY3d 1136 [2014]; People v Burnell, 89 AD3d 1118, 1120-1121 [2011], lv denied 18 NY3d 922 [2012]). Supreme Court limited the potential for any undue prejudice by instructing the jury not to infer that defendant had a propensity for criminality based upon the fact that he was on federal probation (see People v Chestnut, 254 AD2d 525, 526

[1998], lv denied 93 NY2d 871 [1999]).

During the trial, a witness testified about an audiotaped conversation that he had with defendant in which defendant made several incriminating admissions and also made threatening remarks directed at anyone who might reveal his role in the convenience store shooting.  The audiotape was admitted into evidence and played for the jury.  Supreme Court did not err in its Molineux ruling permitting the evidence pertaining to the threats, as they were inextricably entwined with defendant's admissions of his role in the shooting and also evidenced consciousness of guilt (see People v Wells, 141 AD3d 1013, 1019 [2016]; People v Bibbes, 98 AD3d 1267, 1269 [2012], lv denied 20 NY3d 931 [2012]; People v Peele, 73 AD3d 1219, 1221 [2010], lv denied 15 NY3d 894 [2010]).  Although there were some references on the audiotape to the fact that defendant was on home detention and electronic monitoring, these references were so inseparably interwoven into the conversation that they could not readily have been deleted.  Doing so would have rendered it much more difficult for jurors to understand the parties' statements, and, thus, we find no error upon review.  Further, the court provided a limiting instruction directing jurors not to draw any inference regarding defendant's criminal propensity or inclination to commit the charged crimes from the fact that he was on home detention.

Supreme Court did not err in permitting the People to establish that defendant was a gang member.  Although the charged crimes were not directly related to his gang affiliation, the evidence provided background information that assisted the jury in understanding the audiotaped conversation, as well as defendant's trusting relationships with, among others, certain gang members to whom he made admissions and a gang member who loaned him the gun used in committing the crimes (see People v Wells, 141 AD3d at 1019-1020; People v Viera, 133 AD3d 622, 624 [2015], lv denied 26 NY3d 1151 [2016]).  Notably, the court again mitigated any undue prejudice by providing limiting instructions.

Supreme Court likewise did not err in allowing evidence related to defendant's drug use.  Proof of a defendant's uncharged drug activity may be admissible when it is relevant to

such matters as identity, intent or motive or "[is] necessary to complete the narrative of the episode" (People v Murphy, 235 AD2d 933, 935 [1997], lv denied 90 NY2d 896 [1997]; see People v Smith, 63 AD3d 1301, 1303 [2009], lv denied 13 NY3d 862 [2009]). Here, defendant's accomplices in the home invasion testified that his motive in committing that crime was to steal drugs from a drug dealer who defendant believed resided in the apartment where the crime occurred. Several other references to defendant's drug use and involvement with drug users, including testimony about a positive drug test, provided necessary background information and were not unduly prejudicial. Supreme Court mitigated the prejudicial effect of the evidence about the positive drug test by giving a limiting instruction (see People v Barton, 13 AD3d 721, 724 [2004], lv denied 5 NY3d 785 [2005]).

Defendant next contends that the People's evidence was legally insufficient to support the convictions related to the convenience store shooting, asserting that the evidence was purely circumstantial and failed to prove his identity as the shooter. This contention is unpreserved for appellate review, as defendant's trial motion for dismissal was limited to claims related to the home invasion and included no arguments pertaining to the convenience store shooting (see People v Powell, 128 AD3d 1174, 1175 [2015]; People v Barringer, 54 AD3d 442, 443 [2008], lvs denied 11 NY3d 830, 836 [2008]; People v Orcutt, 49 AD3d 1082, 1085 [2008], lv denied 10 NY3d 938 [2008]). In any event, several witnesses testified that, after the shooting, they heard defendant state that he had recently shot and killed someone. One of these witnesses, a fellow gang member, testified that he lent a gun to defendant and that defendant later told him that he had used this weapon to shoot the victim at the convenience store. The evidence established that this gun had distinctive characteristics resembling the weapon used in both the home invasion and the shooting, and that defendant possessed it around the time of both crimes.[3] Several witnesses who knew defendant identified him as the masked shooter who appeared in surveillance video of the convenience store crime, based upon his voice, build

---

[3] DNA evidence and other proof established defendant's identity as the perpetrator of the home invasion.

and other characteristics.  Given this proof and other evidence establishing defendant's identity, we decline to exercise our interest of justice jurisdiction to take corrective action (see CPL 470.15 [3] [c]).

Finally, defendant contends that his sentence is harsh and excessive.  In view of the nature and gravity of defendant's crimes and his history of previous offenses involving violence and the possession of weapons, we find no abuse of discretion or extraordinary circumstances warranting modification (see People v Callicut, 101 AD3d 1256, 1264-1265 [2012], lvs denied 20 NY3d 1096, 1097 [2013]).

Egan Jr., Lynch, Rose and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court