People v Bradley (2022 NY Slip Op 02672)

People v Bradley

2022 NY Slip Op 02672

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.

219 KA 17-00274

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRIEKE J. BRADLEY, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered January 3, 2017. The judgment convicted defendant upon a jury verdict of robbery in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree and reckless driving. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the second degree (Penal Law § 160.10 [2] [b]). We affirm.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence as to identity (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, an acquittal would have been unreasonable on this record given the uncontested fact that defendant was apprehended, in the middle of the night, driving a car that had been carjacked about 10 minutes earlier and two miles away by a man who, as detailed in the victim's contemporaneous 911 call, looked and dressed exactly like defendant. Defendant's theory of the case—i.e., that he just happened across an abandoned vehicle that, unbeknownst to him, had been carjacked within the past 10 minutes by a different man who looked and dressed exactly like him—"is so implausible that it could not create a reasonable doubt as to defendant's guilt" (People v Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992 [2021]).
Defendant further contends that, by addressing him by name at one point during a brief colloquy concerning the victim's trial testimony, Supreme Court unduly interjected itself into the case and irreparably tainted the victim's in-court identification. Defendant's arguments, however, are unpreserved for appellate review (see People v Brown, 90 AD3d 575, 576 [1st Dept 2011], affd 21 NY3d 739 [2013]; People v Kennard, 160 AD3d 1378, 1380 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]; cf. People v Perry, 251 AD2d 895, 896-897 [3d Dept 1998], lv denied 94 NY2d 827 [1999]). Under the circumstances, defendant's belated application for a mistrial—which asserted only that the court had tainted the victim's in-court identification—was inadequate to preserve that particular argument (see People v Romero, 7 NY3d 911, 912 [2006]; People v McCorkle, 272 AD2d 273, 274 [1st Dept 2000], lv denied 95 NY2d 936 [2000]). In any event, the court's fleeting reference to defendant by his name was innocuous and inconsequential, and it could not have prejudiced him or impacted the verdict in any sense (see People v Robles, 116 AD3d 1071, 1072 [2d Dept 2014], lv denied 24 NY3d 1088 [2014]). Contrary to defendant's assertion, the record squarely belies any comparison between the court's polite appellation in this case and the prosecutor's impermissibly suggestive conduct in People v Powell (67 NY2d 661, 662 [1986]).
Finally, the sentence is not unduly harsh or severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court